UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DEBORAH J. CARUSO, the chapter 7 trustee for the bankruptcy estates of ITT Educational Services, Inc., ESI Service Corp., and Daniel Webster College, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| VIACOM, INC., VIACOM INTERNATIONAL, INC. d/b/a VIACOM MEDIA NETWORKS, d/b/a MTV2, d/b/a VH1, d/b/a PARAMOUNT NETWORKS f/k/a SPIKE TV, and d/b/a COMEDY CENTRAL, VIACOM HEARTY HA!HA!, LLC d/b/a COMEDY CENTRAL, COMEDY PARTNERS d/b/a COMEDY CENTRAL, SPIKE CABLE NETWORKS, INC., and JOHN/JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW
CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FOR UNJUST ENRICHMENT**

Deborah J. Caruso, the chapter 7 trustee (the "Trustee") in the chapter 7 bankruptcy cases of ITT Educational Services, Inc. ("ITT"), ESI Service Corp. ("ESI"), and Daniel Webster College, Inc. ("Webster College," and together with ITT and ESI, the "Affiliated Debtors"), and as plaintiff in the above-captioned adversary proceeding, by counsel, hereby alleges for her

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

*Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 and Unjust Enrichment* (the "Complaint") against Viacom, Inc. ("Viacom"), Viacom International, Inc. d/b/a Viacom Media Networks, d/b/a MTV2, d/b/a VH1, d/b/a Paramount Networks f/k/a Spike TV, and d/b/a Comedy Central ("Viacom International"), Viacom Hearty Ha!Ha!, LLC d/b/a Comedy Central ("Hearty Ha!Ha!"), Comedy Partners d/b/a Comedy Central ("Comedy Partners"), and Spike Cable Networks, Inc. ("Spike"), and John/Jane Does (together with Viacom, Viacom International, Hearty Ha!Ha!, Comedy Partners, and Spike, the "Defendants"), as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is commenced pursuant to sections 502, 547, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Each count of this adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2).

5. As required by Bankruptcy Rule 7008, the Trustee consents to entry of final orders or judgment by the Court.

6. Viacom filed one (1) proof of claim against one or more of the Affiliated Debtors on January 24, 2017 (Claim No. 1808, filed in Case No. 16-07207), and thereby has submitted to the jurisdiction of the Court.

2

## THE PARTIES

7. On September 16, 2016 (the "Petition Date"), the Affiliated Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. The Trustee was appointed interim trustee under section 701 of the Bankruptcy Code in each of the Affiliated Debtors' bankruptcy cases on the Petition Date, and in accordance with section 702(d) of the Bankruptcy Code, became the permanent case trustee on November 1, 2016 following the conclusion of the meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code.

8. Upon information and belief, Viacom is a company incorporated under the laws of the state of Delaware, with its principal place of business located at 1515 Broadway, New York, NY 10036. Upon information and belief, Viacom owns and operates MTV2, VH1, Paramount Network f/k/a Spike TV, and Comedy Central through its division, Media Networks (which operates globally as "Viacom Media Networks").

9. Upon information and belief, Viacom International is a company incorporated under the laws of the state of Delaware, with its principal place of business located at 1515 Broadway, New York, NY 10036. Upon information and belief, Viacom International, a subsidiary of Viacom, operates as MTV2, VH1, Paramount Network f/k/a Spike TV, and Comedy Central[2] through its division, Viacom Media Network.

10. Upon information and belief, Hearty Ha!Ha! is a limited liability company incorporated under the laws of the state of Delaware, with its principal place of business located at 1515 Broadway, New York, NY 10036. Upon information and belief, Hearty Ha!Ha!, LLC, a subsidiary of Viacom, operates as Comedy Central in partnership with Viacom International.

11. Upon information and belief, Comedy Partners is an unincorporated division of Viacom, which operates as Comedy Central through a partnership between Viacom International

---

[2] Upon information and belief, Viacom International operates Comedy Central in partnership with Hearty Ha!Ha!.

3

and Hearty Ha!Ha!.

12.    Upon information and belief, Spike is a corporation incorporated under the laws of the state of Delaware, with its principal place of business located at 345 Hudson Street, New York NY 10014. Upon information and belief, Spike, a subsidiary of Viacom, operates as Paramount Network f/k/a Spike TV.

13.    The defendants, John/Jane Does, include any affiliates, subsidiaries and/or any other entities related to the Defendants that are either the initial transferee of the Transfers (as defined herein) or the entity for whose benefit the Transfers were made or any immediate or mediate transferee of such initial transferee. The Trustee will seek leave of the Court to amend this complaint to reflect their true names when they have been ascertained.

### FACTUUAL BACKGROUND

14.    ITT was founded in 1946 and became a publicly traded company in 1994. Prior to filing for bankruptcy, ITT grew to be one of the largest for-profit education companies in the country, offering master, bachelor and associate degree programs at its approximately 137 campus locations and online programs to students located in all 50 states and the District of Columbia in a number of subjects, including electronics, drafting and design, criminal justice, business, information technology, health sciences and nursing.

15.    Prior to the Petition Date, the Affiliated Debtors maintained business relationships with various media companies, through which the Affiliated Debtors regularly purchased broadcast (e.g. television and radio) and/or online (e.g. digital) advertising for its campus locations.

16.    Upon information and belief, the Affiliated Debtors purchased broadcast and/or online advertising with the Defendants, and continued to conduct business with one another

during the ninety (90) days immediately preceding the Petition Date (the "Preference Period").

## COUNT I
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

17. The Trustee restates and realleges the allegations contained in paragraphs 1 through 16 above, as if fully set forth herein.

18. During the Preference Period, the Defendants received transfer(s) of an interest of the Affiliated Debtors in property (the "Transfer" or "Transfers") that were to or for the benefit of one or more of the Defendants. Upon information and belief, the Transfers total not less than $961,572.28, as detailed in Exhibit 1 attached and incorporated herein. Exhibit 1 notwithstanding, the Defendants may have received additional Transfers which the Trustee has not yet discovered. The Trustee intends to avoid and recover all Transfers received by the Defendants during the Preference Period, and accordingly reserves her right to either amend this complaint or seek a judgment against the Defendants for the amount of any additional Transfers that may be discovered through the course of this litigation.

19. At the time of each Transfer, the Defendants were a creditor of the Affiliated Debtors.

20. The Transfers were for or on account of an antecedent debt owed by the Affiliated Debtors before the Transfers were made.

21. The Transfers were made while the Affiliated Debtors were insolvent.

22. The Transfers enabled the Defendants to receive more than the Defendants would have received if the case were a case under chapter 7 of the Bankruptcy Code, if the Transfers had not been made, and the Defendants received payment of such debt to the extent provided by the provision of the Bankruptcy Code.

23. Pursuant to section 547(b) of the Bankruptcy Code, the Trustee is entitled to a

judgment against the Defendants avoiding the Transfers, including any Transfers received by the Defendants during the Preference Period even if not specifically listed in Exhibit 1.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendants (i) declaring that the Transfers are avoidable preferences pursuant to section 547(b) of the Bankruptcy Code; (ii) avoiding the Transfers; and (iii) granting the Trustee all other just and proper relief.

## COUNT II
### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

24. The Trustee restates and realleges the allegations contained in paragraphs 1 through 23 above, as if fully set forth herein.

25. To the extent one or more of the Transfers are not avoidable under section 547 of the Bankruptcy Code, the Trustee alternatively alleges that such Transfers were fraudulent.

26. The Transfers were not in exchange for reasonably equivalent value.

27. The Transfers were made with actual intent to hinder, delay, or defraud any entity to which the Affiliated Debtors were or became indebted on or after the date that the Transfers were made.

28. The Transfers were made when the Affiliated Debtors (a) were insolvent or became insolvent as a result of such transfer; (b) were engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the Affiliated Debtors was unreasonably small capital; or (c) intended to incur, or believed that the Affiliated Debtors would incur debts that would be beyond the Affiliated Debtors' ability to pay as such debts matured.

29. Pursuant to section 548(a) of the Bankruptcy Code, the Trustee is entitled to judgment against the Defendants avoiding the Transfers, and any other avoidable transfers under

6

the Bankruptcy Code.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendants (i) declaring that the Transfers are avoidable pursuant to section 548(a) of the Bankruptcy Code; (ii) avoiding the Transfers and any other avoidable transfers under the Bankruptcy Code; and (iii) granting the Trustee all other just and proper relief.

## COUNT III
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

30. The Trustee restates and realleges the allegations contained in paragraphs 1 through 29 above, as if fully set forth herein.

31. The Trustee is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code, or alternatively pursuant to section 548(b) of the Bankruptcy Code.

32. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers from one or more of the Defendants, plus interest thereon to the date of payment.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendants (i) declaring that the Trustee may recover the Transfers from the Defendants for the benefit of the Affiliated Debtors' bankruptcy estates pursuant to section 550(a) of the Bankruptcy Code; (ii) ordering the Defendants to pay the Trustee the aggregate amount of the Transfers, plus all interest thereon to the date of payment; and (iii) granting the Trustee all other just and proper relief.

## COUNT IV
### (For Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d) and 550)

33. The Trustee restates and realleges the allegations contained in paragraphs 1 through 32 above, as if fully set forth herein.

34. Section 502(d) of the Bankruptcy Code provides that, unless an entity from which property is recoverable under section 550 of the Bankruptcy Code or that is a transferee of a transfer avoidable under sections 547 or 548 of the Bankruptcy Code turns over any such property for which such entity or transferee is liable under section 550 of the Bankruptcy Code, any claims of such entity or transferee shall be disallowed.

35. Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of the Defendants and/or its assignee that have previously been allowed in the Affiliated Debtors' bankruptcy cases must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers.

36. The Defendants have not paid or surrendered the Transfers to the Trustee. Therefore, any claim that the Defendants have filed in this case or otherwise assert against the Affiliated Debtors must be disallowed.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendants (i) disallowing any and all claims of the Defendants against the Affiliated Debtors' bankruptcy estates pursuant to sections 502(d) and 550 of the Bankruptcy Code; (ii) reconsidering and disallowing any previously allowed claims of the Defendants against the Affiliated Debtors' bankruptcy estate pursuant to sections 502(j) and 550 of the Bankruptcy Code; and (iii) granting the Trustee all other just and proper relief.

### COUNT V
**(For Unjust Enrichment)**

37. The Trustee restates and realleges the allegations contained in paragraphs 1 through 36 above, as if fully set forth herein.

38. To the extent one or more of the Transfers are not avoidable under either sections 547 or 548 of the Bankruptcy Code, the Trustee alternatively alleges that the Defendants have been unjustly enriched by retaining such Transfers.

39. The Defendants received a benefit as a result of the Transfers.

40. The Defendants have unjustly retained the Transfers at the expense and to the detriment of the Affiliated Debtors' bankruptcy estates.

41. The Transfers were made at a time:

   (a) when the Affiliated Debtors were under a mistake of fact that the broadcast and/or online advertising services were needed throughout the time period covered by the Transfers;

   (b) without consideration; or

   (c) the consideration for the Transfers has failed.

42. The Transfers belong to the Affiliated Debtors' bankruptcy estates.

43. In equity and good conscience the Transfers should be returned to the Affiliated Debtors' bankruptcy estates.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendants (i) for return of the Transfers the Defendants have unjustly retained at the expense and to the detriment of the Affiliated Debtors' bankruptcy estates; and (ii) granting the Trustee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

By: */s/ John C. Hoard*
    John C. Hoard

John C. Hoard (Atty. No. 8024-49)
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 634-0300
Fax: (317) 263-9411
Email:  johnh@rubin-levin.net
Attorneys for Deborah J. Caruso, Trustee

g:\wp80\trustee\caruso\itt avoidance actions - 86700001\defendants\viacom international inc.-86700332\drafts\complaint.docx